

**FILED**
JUN 2 0 2011
JUN 20 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> ) Civil Action No. 1:11-CV-02828 <br> ) <br> v. ) Hon. James F. Holderman <br> ) <br> ) <br> DOES 1-44 (24.15.233.68) ) <br> ) <br> ,pro se ) <br> ) <br> ) <br> ) <br> Defendants, ) | |

## AFFIDAVIT IN SUPPORT OF MOTIONS TO DISMISS, MOTION TO QUASH, AND GENERAL DEFENSES

I, DOES 1-44 (24.15.233.68), the Affiant, am making and filling this affidavit solely in support of disputing jurisdiction in the above styled matter. However, in the event that jurisdiction is found proper, and proper service is effected on the undersigned, and if no supplementary answer is filed by the Defendant within 30 days of service, the intent of this affidavit shall be changed to be considered to be a verified response to the Plaintiff's complaint, negatively averring all claims, and setting forth affirmative defenses. I here by certify that the following statements are true, and upon being first duly sworn on oath and before a person authorized to take swear and accept such oath, I, the Affiant, sayeth that:

*Personal Jurisdiction*

1. Affiant has had no contact and done no business with the Plaintiff, and has not entered into any agreements with the Plaintiff that is the subject of this claim and relief sought.

2. Affiant has not caused tortuous injury within the state or district in which the above Plaintiff resides which is in state of Arizona.

3. I am unaware of any defenses that I have taken that are similar in nature to the other Defendants in this case, and I am unaware of any reasonable connection between myself and the cases of the other Defendants.

*General Defenses/Affirmative Defenses*

1. Per ruling on Civil Case 2:11-cv-02068 of United States District Court Central District of Illinois, VPR Internationale, v. DOES 1-1017 where motion was denied for expedited discovery by Judge Harold. A. Bakers on April 29th, 2011.

2. As noted on the case# above 2:11-cv-02068, and I quote "IP subscribers are not necessarily copyright infringers. Carolyn Thompson writes in the MSNBC article of a raid by federal agents on home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP> The destop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. Federal Agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who

had used multiple IP subscribers' Wi-Fi connections. (including a secure connection from the State University of New York). See Carolyn Thompson, Bizzarre pornography Raid Underscores Wi-Fi Privacy Risks (April 25, 2011), http://www.msnbc.msn.com/id/42740201/ns/technology_and_sicence-wireless/"

3. As Honorable Judge Harold A. Baker and the court noted on this case#2:11-cv-02068, "until at least one person is served, the court lacks personal jurisdiction over anyone. The court has no jurisdiction over any of the Does at this time; the imprimatur of this court will not be used to advance a "fishing expedition by means of a perversion of the purpose and intent" of class actions."

4. Honorable Judge Milton Shadur of Illinois has already thrown out entire case against all 300 defendants on P2P mass lawsuit brought by CP in case# 1:2010-vs-06255 in Northern District of Illinois Court. Judge's reasoning: " Among other things, the newest motion demonstrates that there is no justification for dragging into an Illinois federal court, on a wholesale basis, a host of unnamed defendants over whom personal jurisdiction clearly does not exist and more importantly as to whom CP's counsel could readily have ascertained that fact," "No predicate has been shown for thus combining 300 separate actions on the cheap, " "if CP had sued the 300 claimed infringers separately for their discrete infringements, the filling fees alone would have aggregated $105,000 rather than $350."

5. From my research of bittorrent, P2P user do not have knowledge of downloading any copy righted material until user views the file as file can be

mislabeled by the uploader intentionally or accidentally. Thus, any Plaintiff's must proof to the court that REASONABLE amount of time was given to the bittorrent user to take corrective action such as deleting the files permanently from the computer and notify user of this incident in timely manner as most files shared in bittorrent sites do not show copy righted disclaimer that file in fact is copy righted material.

6. Plaintiff should contact the bittorrent site regarding any legal matter not the users such as SONY and other record companies have done to prevent any copy right infringement issues.

7. I also question integrity of Mr. John Steel, Steele Hansmeier PLLC as he was the attorney present in above mentioned cases for Plaintiffs and continue to pursue these kinds of frivolous lawsuits that some of dependants are either not knowledgeable enough or wants anonymity on these kinds of matter against porn companies and using them as unjustified leverage for quick settlement.

8. Affiant had a wireless router without security enabled (e.g. WEP, WPA, WPA2) and the internet address responsible for the alleged infringement was available for use to the general public within range. Affiant has no knowledge of the alleged infringements.

9. Affiant runs an operating system(windows) which allow a bittorent client to be operated by a remote user, and had such system open to multiple user at the time of alleged infringement. A user, other than the Affiant, could have committed the alleged infringement.

10. Affiant has multiple computers in their residence used by multiple users (family members, friends, visitors, etc.) that all share the same IP address (internet connection). Affiant has no knowledge of the alleged infringement.

11. Affiant, under penalty of perjury, certifies to this court, that they have no knowledge of the alleged infringement.

FURTHER, AFFIANT SAYETH NAUGHT.

BY SIGNING BELOW, I hereby declare, certify, verify, and state, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Dated 06 /20 /2011

_____, pro se

Print Name: DOES 1-44 (24.15.233.68)

THE FOREGOING FACTS were sworn to, subscribed and acknowledged as true before me on this 20th day, of JUNE, 2011, by IL YONG KIM, who is personally known to me or who produced a valid state driver's license as identification and who did take an oath.

_____
Notary Public – State of ILLINOIS

Printed Name: FRANK J. KUMKOSKI

My Commission Expires: 4-15-2015

(notary seal)
FRANK J KUMKOSKI
MY COMMISSION EXPIRES
APRIL 15, 2015

Dated this 20th day of June, 2011

Respectfully submitted,

X_____, pro se
IL YONG KIM

Name: DOES 1-44 (24.15.233.68)